**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1304-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DERRICK JOHNSON, a/k/a
DERRICK A. JOHNSON,
ALLEN JOHNSON, ALLAN
JOHNSON, DEMETRIUS
JOHNSON, ZAHIR JOHNSON,
DERECK JOHNSON, DICK
JOHNSON, ABDULLAH
JOHNSON, MARK SUITTON,
MARK SUTTON, and ALLAN
ZAHARABDULLAH,

    Defendant-Appellant.

_____

Argued October 9, 2025 – Decided December 4, 2025

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 06-08-1865.

Kayla Rowe, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Kayla Rowe, on the briefs).

Linda A. Shashoua, Attorney, Special Litigation Unit, argued the cause for respondent (William E. Reynolds, Atlantic County Prosecutor, attorney; Courtney Cittadini, Section Chief, of counsel; Linda A. Shashoua, on the brief).

PER CURIAM

Defendant Derrick Johnson appeals from the December 1, 2023 Law Division order dismissing his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A jury convicted defendant of first-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, :15-1; five counts of first-degree robbery, N.J.S.A. 2C:15-1; two counts of second-degree burglary, N.J.S.A. 2C:18-2; five counts of third-degree criminal restraint, N.J.S.A. 2C:13-2; five counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); three counts of second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); three counts of third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and two counts of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7. He was sentenced to an aggregate seventy-year term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's convictions

but remanded to amend the judgment of conviction to merge the conspiracy conviction into the robbery convictions. State v. Johnson, No. A-4627-08 (App. Div. Jan. 7, 2013) (slip op. at 2). The New Jersey Supreme Court denied defendant's petition for certification. State v. Johnson, 214 N.J. 118 (2013).

On September 25, 2013, defendant filed his first PCR petition. In the brief filed by his appointed counsel, defendant alleged ineffective assistance of counsel asserting trial counsel failed to provide complete discovery, adequately investigate witnesses, and advise him of his sentencing exposure. In a supplemental brief, defendant reiterated the points raised in his counseled brief. He also argued appellate counsel was ineffective for failing to object to or argue inadmissibility of evidence under N.J.R.E. 404(b), among other claims. In an April 19, 2018 order, accompanied by a comprehensive written opinion, the PCR court denied defendant's petition without an evidentiary hearing. We affirmed the denial of defendant's petition. State v. Johnson, No. A-0702-18 (App. Div. Oct. 23, 2020) (slip op. at 18). The Supreme Court denied defendant's petition for certification. State v. Johnson, 245 N.J. 61 (2021).

On September 8, 2021, defendant filed his second PCR petition, claiming first PCR counsel destroyed or failed to submit critical legal papers and did not raise numerous issues defendant wanted addressed, which prevented the first

3

PCR court from considering multiple substantive claims. In a supplemental brief, appointed PCR counsel argued the first PCR counsel was ineffective because he failed to provide defendant with discovery from the case file and failed to withdraw as counsel even though their attorney-client relationship was "irretrievably broken." Counsel's brief also incorporated by reference all points previously raised in defendant's prior submissions, which essentially reflected issues raised on direct appeal or in the first PCR petition, as they related to trial counsel's and PCR counsel's performance. Defendant also argued excusable neglect for the late filing, seeking relaxation of the time bar and an evidentiary hearing.

On December 1, 2023, the PCR court dismissed defendant's second petition pursuant to Rule 3:22-12(a)(2), as it was filed more than two years after the denial of the first PCR petition. After considering the procedural history of defendant's direct appeal and first PCR petition, the court concluded "case law ma[de] it abundantly clear that this was not a sufficient excuse."

The PCR court nevertheless addressed the merits of defendant's second petition. It explained defendant offered no support that his first PCR counsel was not truthful concerning the receipt and destruction of defendant's legal papers. It further reasoned appellate counsel was not required to raise "forty

A-1304-23

plus" issues on appeal. The court concluded defendant failed to satisfy both prongs under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>State v. Fritz</u>, 105 N.J. 42 (1987) (adopting the <u>Strickland</u> test in New Jersey). A memorializing order accompanied by a written opinion was entered.

In his appeal, defendant raises the following arguments:

<u>POINT I</u>

THE PCR COURT ERRED WHEN IT DENIED PCR, BECAUSE THE TIME BAR SHOULD HAVE BEEN RELAXED.

<u>POINT II</u>

THE PCR COURT ERRED WHEN IT CONCLUDED THAT COUNSEL IS NOT OBLIGATED TO RAISE NON-FRIVOLOUS CLAIMS. THE ORIGINAL [SELF-REPRESENTED] CLAIMS SHOULD BE RESTORED AND CONSIDERED.

<u>POINT III</u>

FIRST PCR COUNSEL WAS INEFFECIVE WHEN HE FAILED TO PROVIDE [DEFENDANT] WITH DISCOVERY.

<u>POINT IV</u>

THIS COURT SHOULD HAVE GRANTED AN EVIDENTIARY HEARING TO ADDRESS THE PCR CLAIMS.

A-1304-23

We review de novo a decision to deny a petition for PCR without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); see also State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (applying a de novo standard of review to the denial of a second petition for PCR). We also review the PCR court's decision to forgo a hearing for abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). A PCR "is neither a substitute for direct appeal nor an opportunity to relitigate cases already decided on the merits." Ibid. (citations omitted).

Rule 3:22-12(a)(2) governs the timeliness of a second or subsequent PCR petition. Under the Rule, a second or subsequent PCR petition must be filed within one year of the date on which a new constitutional right is recognized by the courts, or "the date on which the factual predicate for the relief sought was discovered," or "the date of the denial of the first . . . application for [PCR]." See R. 3:22-12(a)(2)(B), (C). Accordingly, a subsequent PCR petition must be dismissed unless it complies with, and pleads, on its face, one of the three criteria under the Rule. Jackson, 454 N.J. Super. at 292-94; R. 3:22-4(b).

A-1304-23

It is axiomatic the strict time bar imposed under <u>Rule</u> 3:22-12(a)(2) may not be ignored or relaxed, nor extended, stayed, or tolled by appellate proceedings. <u>See</u> <u>Jackson</u>, 454 N.J. Super. at 292-94; <u>see also</u> <u>R.</u> 1:3-4(c) (providing that "[n]either the parties nor the court may . . . enlarge the time specified by . . . [<u>Rule</u>] 3:22-12"). It is well-settled the late filing of a second PCR petition cannot be excused in the same manner as the late filing of a first petition. <u>Jackson</u>, 454 N.J. Super. at 292-94. Therefore, defendant was required to file the second PCR petition no later than April 19, 2019, regardless of the subsequent appeals.

Defendant's second PCR petition was filed two years and four months after the PCR court's denial of his first petition, well beyond the time limits prescribed by the <u>Rule.</u> Nor does defendant's second PCR petition satisfy the requirements of <u>Rule</u> 3:22-12(a)(2)(B) or (C) because he does not rely on a factual predicate that could not have been discovered earlier through reasonable diligence and did not timely file by April 19, 2019, one year from the date of the first denial. <u>See</u> <u>State v. Murray</u>, 162 N.J. 240, 246 (2000). Thus, dismissal of defendant's second PCR petition was mandated under <u>Rule</u> 3:22-12(a)(2) and the court did not abuse its discretion because an evidentiary hearing on his application was not required.

Having reviewed the evidence and record as a whole, we conclude defendant's second petition fails on the merits. He has not presented sufficient evidence supporting his bald assertion that there is a reasonable probability of success on the merits or to establish a prima facie case of ineffective assistance of counsel. Defendant is precluded from raising an issue in the second petition for PCR that could have been raised on direct appeal. State v. McQuaid, 147 N.J. 464, 483 (1997).

To the extent we have not addressed defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1304-23